JJD:PGS/JLG/MEF
F. #2020R00559

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 06 2022 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – X

UNITED STATES OF AMERICA

- against -

JOSE MOISES BLANCO,
    also known as "Cuervo,"
OSEAS GONZALEZ,
    also known as "Manota" and "Cordero,"
JOSE JONATHAN GUEVARA-CASTRO,
    also known as "Suspechoso,"
VICTOR LOPEZ-MORALES,
    also known as "Persa,"
EVER MORALES-LOPEZ,
    also known as "Kien," "Inke" and
    "White Boy,"
DAVID SOSA-GUEVARA,
    also known as "Risky,"
KEVIN TORRES,
    also known as "Inquieto" and "Quieto,"
    and
KEVIN CUEVAS DEL CID,
    also known as "Creeper," "Malcriado,"
    "Sombra," "Vinky" and "Dabura,"

             Defendants.

– – – – – – – – – – – – – – – – – – X

**SUPERSEDING
INDICTMENT**

Cr. No. 20-251 (S-1)(JMA)
(T. 18, U.S.C., §§ 924(c)(1)(A)(i),
924(c)(1)(A)(ii), 924(c)(1)(A)(iii),
924(j)(1), 1959(a)(1), 1959(a)(3),
1959(a)(5), 1962(c), 1962(d),
1963, 2, 3 and 3551 et seq.; T. 21,
U.S.C., §§ 846, 841(b)(1)(C) and
841(b)(1)(D))

THE GRAND JURY CHARGES:

<u>INTRODUCTION</u>

    At all times relevant to this Superseding Indictment, unless otherwise

indicated:

## The Enterprise

1.     La Mara Salvatrucha, also known as the MS-13, (hereinafter the "MS-13" or the "enterprise") was a transnational criminal organization with members located throughout Long Island, New York, Queens, New York and elsewhere.  Members and associates of the MS-13 have engaged in acts of violence, including murder, attempted murder, robbery, kidnapping and assault, as well as other criminal activity, including narcotics trafficking, extortion, witness tampering and witness retaliation.

2.     The defendants JOSE MOISES BLANCO, also known as "Cuervo," OSEAS GONZALEZ, also known as "Manota" and "Cordero," JOSE JONATHAN GUEVARA-CASTRO, also known as "Suspechoso," VICTOR LOPEZ-MORALES, also known as "Persa," EVER MORALES-LOPEZ, also known as "Kien," "Inke" and "White Boy," DAVID SOSA-GUEVARA, also known as "Risky," KEVIN TORRES, also known as "Quieto" and "Inquieto," and KEVIN CUEVAS DEL CID, also known as "Creeper," "Malcriado," "Sombra," "Vinky" and "Dabura" were members and associates of the MS-13.

3.     The MS-13, including its leadership, membership and associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.  The enterprise was engaged in, and its activities affected, interstate and foreign commerce.

2

## Purposes of the Enterprise

4.     The purposes of the enterprise included the following:

a.     Promoting and enhancing the prestige, reputation and position of the enterprise with respect to rival criminal organizations.

b.     Preserving and protecting the power, territory and criminal ventures of the enterprise through the use of intimidation, threats of violence and acts of violence, including assault and murder.

c.     Keeping victims and rivals in fear of the enterprise and its members and associates.

d.     Enriching the members and associates of the enterprise through criminal activity, including robbery, extortion and narcotics trafficking.

e.     Ensuring discipline within the enterprise and compliance with the enterprise's rules by members and associates through threats of violence and acts of violence.

## Means and Methods of the Enterprise

5.     Among the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the enterprise were the following:

a.     Members of the MS-13 and their associates committed, attempted to commit and threatened to commit acts of violence, including murder, attempted murder, robbery, kidnapping and assault, to enhance the enterprise's prestige and protect and expand the enterprise's criminal operations.

b. Members of the MS-13 and their associates used and threatened to use physical violence against various individuals, including members of rival criminal organizations and MS-13 members who violated the enterprise's rules.

c. Members of the MS-13 and their associates used, attempted to use and conspired to use robbery, extortion and narcotics trafficking as means of obtaining money.

COUNT ONE
(Racketeering)

6. The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

7. On or about and between January 1, 2015 and the date of this Superseding Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSE MOISES BLANCO, also known as "Cuervo," OSEAS GONZALEZ, also known as "Manota" and "Cordero," JOSE JONATHAN GUEVARA-CASTRO, also known as "Suspechoso," VICTOR LOPEZ-MORALES, also known as "Persa," EVER MORALES-LOPEZ, also known as "Kien," "Inke" and "White Boy," DAVID SOSA-GUEVARA, also known as "Risky," KEVIN TORRES, also known as "Quieto" and "Inquieto," and KEVIN CUEVAS DEL CID, also known as "Creeper," "Malcriado," "Sombra," "Vinky" and "Dabura," together with others, being persons employed by and associated with the MS-13, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conduct and participate, directly and indirectly, in the conduct of the affairs of

the MS-13 through a pattern of racketeering activity, as defined by Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below.

## RACKETEERING ACT ONE
(Conspiracy to Murder Oscar Acosta and Murder of Oscar Acosta)

8.    The defendant KEVIN TORRES, together with others, committed the following acts, either one of which alone constitutes Racketeering Act One:

A.    Conspiracy to Murder Oscar Acosta

9.    In or about April 2016, within the Eastern District of New York and elsewhere, the defendant KEVIN TORRES, together with others, did knowingly and intentionally conspire to cause the death of Oscar Acosta, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.    Murder of Oscar Acosta

10.    On or about April 29, 2016, within the Eastern District of New York and elsewhere, the defendant KEVIN TORRES, together with others, with intent to cause the death of another person, to wit: Oscar Acosta, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

## RACKETEERING ACT TWO
(Conspiracy to Murder Kerin Pineda and Murder of Kerin Pineda)

11.    The defendants OSEAS GONZALEZ, JOSE JONATHAN GUEVARA-CASTRO, VICTOR LOPEZ-MORALES, EVER MORALES-LOPEZ, DAVID SOSA-GUEVARA, KEVIN TORRES and KEVIN CUEVAS DEL CID, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Two:

A.   Conspiracy to Murder Kerin Pineda

12.   In or about and between April 2016 and May 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants OSEAS GONZALEZ, JOSE JONATHAN GUEVARA-CASTRO, VICTOR LOPEZ-MORALES, EVER MORALES-LOPEZ, DAVID SOSA-GUEVARA, KEVIN TORRES and KEVIN CUEVAS DEL CID, together with others, did knowingly and intentionally conspire to cause the death of Kerin Pineda, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.   Murder of Kerin Pineda

13.   On or about May 21, 2016, within the Eastern District of New York and elsewhere, the defendants OSEAS GONZALEZ, JOSE JONATHAN GUEVARA-CASTRO, VICTOR LOPEZ-MORALES, EVER MORALES-LOPEZ, DAVID SOSA-GUEVARA, KEVIN TORRES and KEVIN CUEVAS DEL CID, together with others, with intent to cause the death of another person, to wit: Kerin Pineda, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

RACKETEERING ACT THREE
(Conspiracy to Murder Rival Gang Members and
Attempted Murders of John Doe #1 and John Doe #2)

14.   The defendant OSEAS GONZALEZ, together with others, committed the following acts, any one of which alone constitutes Racketeering Act Three:

A.   Conspiracy to Murder

15.   In or about July 2016, within the Eastern District of New York and elsewhere, the defendant OSEAS GONZALEZ, together with others, did knowingly and

6

intentionally conspire to cause the death of rival gang members, in violation of New York

Penal Law Sections 125.25(1) and 105.15.

B.     Attempted Murder of John Doe #1

16.     On or about July 18, 2016, within the Eastern District of New York, the

defendant OSEAS GONZALEZ, together with others, did knowingly and intentionally

attempt to cause the death of another person, to wit: John Doe #1, an individual whose

identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1),

110.00 and 20.00.

C.     Attempted Murder of John Doe #2

17.     On or about July 18, 2016, within the Eastern District of New York, the

defendant OSEAS GONZALEZ, together with others, did knowingly and intentionally

attempt to cause the death of another person, to wit: John Doe #2, an individual whose

identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1),

110.00 and 20.00.

RACKETEERING ACT FOUR
(Conspiracy to Murder Josue Amaya-Leonor and Murder of Josue Amaya-Leonor)

18.     The defendants JOSE MOISES BLANCO, OSEAS GONZALEZ and

VICTOR LOPEZ-MORALES, together with others, committed the following acts, either one

of which alone constitutes Racketeering Act Four:

A.     Conspiracy to Murder Josue Amaya-Leonor

19.     In or about and between August 2016 and September 2016, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants JOSE MOISES BLANCO, OSEAS GONZALEZ and VICTOR LOPEZ-

MORALES, together with others, did knowingly and intentionally conspire to cause the death of Josue Amaya-Leonor, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.    Murder of Josue Amaya-Leonor

20.    On or about September 4, 2016, within the Eastern District of New York and elsewhere, the defendants JOSE MOISES BLANCO, OSEAS GONZALEZ and VICTOR LOPEZ-MORALES, together with others, with intent to cause the death of another person, to wit: Josue Amaya-Leonor, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

RACKETEERING ACT FIVE
(Conspiracy to Murder Rival Gang Members and Murder of Marcus Bohannon)

21.    The defendants OSEAS GONZALEZ and KEVIN TORRES, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Five:

A.    Conspiracy to Murder Rival Gang Members

22.    In or about September 2016, within the Eastern District of New York and elsewhere, the defendants OSEAS GONZALEZ and KEVIN TORRES, together with others, did knowingly and intentionally conspire to cause the death of rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.    Murder of Marcus Bohannon

23.    On or about September 5, 2016, within the Eastern District of New York and elsewhere, the defendants OSEAS GONZALEZ and KEVIN TORRES, together with others, with intent to cause the death of another person, to wit: Marcus Bohannon, did

knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

## RACKETEERING ACT SIX
(Conspiracy to Murder Javier Castillo and Murder of Javier Castillo)

24.     The defendants KEVIN TORRES and KEVIN CUEVAS DEL CID, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Six:

A.      Conspiracy to Murder Javier Castillo

25.     In or about October 2016, within the Eastern District of New York and elsewhere, the defendants KEVIN TORRES and KEVIN CUEVAS DEL CID, together with others, did knowingly and intentionally conspire to cause the death of Javier Castillo, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.      Murder of Javier Castillo

26.     On or about October 10, 2016, within the Eastern District of New York and elsewhere, the defendants KEVIN TORRES and KEVIN CUEVAS DEL CID, together with others, with intent to cause the death of another person, to wit: Javier Castillo, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

## RACKETEERING ACT SEVEN
(Conspiracy to Murder Carlos Ventura-Zelaya and Murder of Carlos Ventura-Zelaya)

27.     The defendants OSEAS GONZALEZ and VICTOR LOPEZ-MORALES, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Seven:

A.     Conspiracy to Murder Carlos Ventura-Zelaya

28.     On or about and between September 2016 and October 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants OSEAS GONZALEZ and VICTOR LOPEZ-MORALES, together with others, did knowingly and intentionally conspire to cause the death of Carlos Ventura-Zelaya, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.     Murder of Carlos Ventura-Zelaya

29.     On or about October 14, 2016, within the Eastern District of New York and elsewhere, the defendants OSEAS GONZALEZ and VICTOR LOPEZ-MORALES, together with others, with intent to cause the death of another person, to wit: Carlos Ventura-Zelaya, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

RACKETEERING ACT EIGHT
(Conspiracy to Murder Angel Soler and Murder of Angel Soler)

30.     The defendants VICTOR LOPEZ-MORALES and DAVID SOSA-GUEVARA, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Eight:

A.     Conspiracy to Murder Angel Soler

31.     In or about July 2017, within the Eastern District of New York and elsewhere, the defendants VICTOR LOPEZ-MORALES and DAVID SOSA-GUEVARA, together with others, did knowingly and intentionally conspire to cause the death of Angel Soler, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.    Murder of Angel Soler

32.    On or about July 21, 2017, within the Eastern District of New York, the
defendants VICTOR LOPEZ-MORALES and DAVID SOSA-GUEVARA, together with
others, with intent to cause the death of another person, to wit: Angel Soler, did knowingly
and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1)
and 20.00.

## RACKETEERING ACT NINE
### (Kidnapping Conspiracy)

33.    In or about August 2017, within the Eastern District of New York and
elsewhere, the defendants VICTOR LOPEZ-MORALES and DAVID SOSA-GUEVARA,
together with others, did knowingly and intentionally conspire to kidnap John Doe #3, an
individual whose identity is known to the Grand Jury, in violation of New York Penal Law
Sections 135.20 and 105.15.

## RACKETEERING ACT TEN
### (Conspiracy to Distribute Marijuana)

34.    In or about and between January 2016 and the date of this Superseding
Indictment, both dates being approximate and inclusive, within the Eastern District of New
York and elsewhere, the defendants JOSE MOISES BLANCO, OSEAS GONZALEZ, JOSE
JONATHAN GUEVARA-CASTRO, VICTOR LOPEZ-MORALES and DAVID SOSA-
GUEVARA, together with others, did knowingly and intentionally conspire to distribute and
possess with intent to distribute a controlled substance, which offense involved a substance
containing marijuana, a Schedule I controlled substance, for remuneration, in violation of
Title 21, United States Code, Sections 846 and 841(b)(1)(D).

## RACKETEERING ACT ELEVEN
(Conspiracy to Distribute Cocaine and Marijuana)

35.     In or about and between January 2016 and October 2017, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants EVER MORALES-LOPEZ, KEVIN TORRES and KEVIN CUEVAS DEL CID,

together with others, did knowingly and intentionally conspire to distribute and possess with

intent to distribute one or more controlled substances, which offense involved (a) a substance

containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States

Code, Sections 841(a)(1) and 841(b)(1)(C); and (b) a substance containing marijuana, a

Schedule I controlled substance, for remuneration, in violation of Title 21, United States

Code, Sections 846 and 841(b)(1)(D).

(Title 18, United States Code, Sections 1962(c), 1963 and 3551 et seq.)

## COUNT TWO
(Racketeering Conspiracy)

36.     The allegations contained in paragraphs one through five are realleged

and incorporated as if fully set forth in this paragraph.

37.     On or about and between January 1, 2015 and the date of this

Superseding Indictment, both dates being approximate and inclusive, within the Eastern Dis-

trict of New York and elsewhere, the defendants JOSE MOISES BLANCO, also known as

"Cuervo," OSEAS GONZALEZ, also known as "Manota" and "Cordero," JOSE

JONATHAN GUEVARA-CASTRO, also known as "Suspechoso," VICTOR LOPEZ-

MORALES, also known as "Persa," EVER MORALES-LOPEZ, also known as "Kien,"

"Inke" and "White Boy," DAVID SOSA-GUEVARA, also known as "Risky," and KEVIN

TORRES, also known as "Quieto" and "Inquieto," together with others, being persons

employed by and associated with the MS-13, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the MS-13 through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5).

38.     The pattern of racketeering activity through which the defendants JOSE MOISES BLANCO, OSEAS GONZALEZ, JOSE JONATHAN GUEVARA-CASTRO, VICTOR LOPEZ-MORALES, EVER MORALES-LOPEZ, DAVID SOSA-GUEVARA and KEVIN TORRES, together with others, agreed to conduct and participate in the conduct of the affairs of the MS-13 consisted of the racketeering acts set forth in paragraphs eight through thirty-five of Count One of this Superseding Indictment, as Racketeering Acts One through Eleven, which are realleged and incorporated as if fully set forth in this paragraph. Each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

(Title 18, United States Code, Sections 1962(d), 1963 and 3551 et seq.)

COUNT THREE
(Conspiracy to Murder Oscar Acosta)

39.     At all times relevant to this Superseding Indictment, the MS-13, as more fully described in paragraphs one through five, which are realleged and incorporated as if fully set forth in this paragraph, including its leadership, membership and associates, constituted an "enterprise" as defined in Section 1959(b)(2) of Title 18, United States Code, that is, a group of individuals associated in fact that was engaged in, and the activities of

13

which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

40.     At all times relevant to this Superseding Indictment, the MS-13, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, acts and threats involving murder, extortion and robbery, that are chargeable under New York Penal Law and punishable by imprisonment for more than one year, acts indictable under Title 18, United States Code, Sections 1512 (relating to tampering with a witness, victim or informant) and 1513 (relating to retaliating against a witness, victim or informant), and offenses involving narcotics trafficking, punishable under Title 21, United States Code, Sections 841 and 846.

41.     In or about and between March 2016 and April 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant KEVIN TORRES, also known as "Quieto" and "Inquieto," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder Oscar Acosta, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT FOUR
### (Murder of Oscar Acosta)

42.    The allegations contained in paragraphs one through five, 39 and 40 are realleged and incorporated as if fully set forth in this paragraph.

43.    On or about April 29, 2016, within the Eastern District of New York and elsewhere, the defendant KEVIN TORRES, also known as "Quieto" and "Inquieto," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Oscar Acosta, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT FIVE
### (Conspiracy to Murder Kerin Pineda)

44.    The allegations contained in paragraphs one through five, 39 and 40 are realleged and incorporated as if fully set forth in this paragraph.

45.    In or about and between April 2016 and May 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants OSEAS GONZALEZ, also known as "Manota" and "Cordero," JOSE JONATHAN GUEVARA-CASTRO, also known as "Suspechoso," VICTOR LOPEZ-MORALES, also known as "Persa," EVER MORALES-LOPEZ, also known as "Kien," "Inke" and "White Boy," DAVID SOSA-GUEVARA, also known as "Risky," and KEVIN TORRES, also known as "Quieto" and "Inquieto," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise

engaged in racketeering activity, did knowingly and intentionally conspire to murder Kerin

Pineda, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT SIX
(Murder of Kerin Pineda)

46.    The allegations contained in paragraphs one through five, 39 and 40 are

realleged and incorporated as if fully set forth in this paragraph.

47.    On or about May 21, 2016, within the Eastern District of New York

and elsewhere, the defendants OSEAS GONZALEZ, also known as "Manota" and

"Cordero," JOSE JONATHAN GUEVARA-CASTRO, also known as "Suspechoso,"

VICTOR LOPEZ-MORALES, also known as "Persa," EVER MORALES-LOPEZ, also

known as "Kien," "Inke" and "White Boy," DAVID SOSA-GUEVARA, also known as

"Risky," KEVIN TORRES, also known as "Quieto" and "Inquieto," and KEVIN CUEVAS

DEL CID, also known as "Creeper," "Malcriado," "Sombra," "Vinky" and "Dabura,"

together with others, for the purpose of gaining entrance to and maintaining and increasing

position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and

intentionally murder Kerin Pineda, in violation of New York Penal Law Sections 125.25(1)

and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT SEVEN
(Conspiracy to Murder Rival Gang Members)

48.    The allegations contained in paragraphs one through five, 39 and 40 are

realleged and incorporated as if fully set forth in this paragraph.

49.     In or about July 2016, within the Eastern District of New York and elsewhere, the defendant OSEAS GONZALEZ, also known as "Manota" and "Cordero," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder one or more rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

COUNT EIGHT
(Attempted Murder of John Doe #1)

50.     The allegations contained in paragraphs one through five, 39 and 40 are realleged and incorporated as if fully set forth in this paragraph.

51.     On or about July 18, 2016, within the Eastern District of New York, the defendant OSEAS GONZALEZ, also known as "Manota" and "Cordero," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder John Doe #1, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

COUNT NINE
(Assault of John Doe #1 with Dangerous Weapons)

52.     The allegations contained in paragraphs one through five, 39 and 40 are realleged and incorporated as if fully set forth in this paragraph.

53.     On or about July 18, 2016, within the Eastern District of New York, the defendant OSEAS GONZALEZ, also known as "Manota" and "Cordero," together with

17

others, for the purpose of gaining entrance to and maintaining and increasing position in the

MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally

assault John Doe #1 with one or more dangerous weapons, to wit: one or more firearms and a

machete, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT TEN
(Brandishing and Discharge of Firearms During Crimes of Violence:
Attempted Murder and Assault of John Doe #1)

54.    The allegations contained in paragraphs one through five, 39 and 40 are

realleged and incorporated as if fully set forth in this paragraph.

55.    On or about July 18, 2016, within the Eastern District of New York, the

defendant OSEAS GONZALEZ, also known as "Manota" and "Cordero," together with

others, did knowingly and intentionally use and carry one or more firearms during and in

relation to one or more crimes of violence, to wit: the crimes charged in Counts One, Eight

and Nine, and did knowingly and intentionally possess one or more firearms in furtherance

of such crimes of violence, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii),

924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT ELEVEN
(Attempted Murder of John Doe #2)

56.    The allegations contained in paragraphs one through five, 39 and 40 are

realleged and incorporated as if fully set forth in this paragraph.

57.    On or about July 18, 2016, within the Eastern District of New York, the

defendant OSEAS GONZALEZ, also known as "Manota" and "Cordero," together with

others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder John Doe #2, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

## COUNT TWELVE
(Assault of John Doe #2 with Dangerous Weapons)

58. The allegations contained in paragraphs one through five, 39 and 40 are realleged and incorporated as if fully set forth in this paragraph.

59. On or about July 18, 2016, within the Eastern District of New York, the defendant OSEAS GONZALEZ, also known as "Manota" and "Cordero," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #2 with one or more dangerous weapons, to wit: one or more firearms and a machete, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT THIRTEEN
(Brandishing and Discharge of Firearms During Crimes of Violence:
Attempted Murder and Assault of John Doe #2)

60. The allegations contained in paragraphs one through five, 39 and 40 are realleged and incorporated as if fully set forth in this paragraph.

61. On or about July 18, 2016, within the Eastern District of New York, the defendant OSEAS GONZALEZ, also known as "Manota" and "Cordero," together with others, did knowingly and intentionally use and carry one or more firearms during and in

19

relation to one or more crimes of violence, to wit: the crimes charged in Counts One, Eleven and Twelve, and did knowingly and intentionally possess one or more firearms in furtherance of such crimes of violence, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT FOURTEEN
(Conspiracy to Murder Josue Amaya-Leonor)

62.     The allegations contained in paragraphs one through five, 39 and 40 are realleged and incorporated as if fully set forth in this paragraph.

63.     In or about and between August 2016 and September 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSE MOISES BLANCO, also known as "Cuervo," OSEAS GONZALEZ, also known as "Manota" and "Cordero," and VICTOR LOPEZ-MORALES, also known as "Persa," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder Josue Amaya-Leonor, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT FIFTEEN
(Murder of Josue Amaya-Leonor)

64.     The allegations contained in paragraphs one through five, 39 and 40 are realleged and incorporated as if fully set forth in this paragraph.

65.     On or about September 4, 2016, within the Eastern District of New York and elsewhere, the defendants JOSE MOISES BLANCO, also known as "Cuervo,"

OSEAS GONZALEZ, also known as "Manota" and "Cordero," and VICTOR LOPEZ-MORALES, also known as "Persa," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Josue Amaya-Leonor, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

### COUNT SIXTEEN
(Accessory After the Fact)

66.    On or about September 4, 2016, within the Eastern District of New York and elsewhere, the defendants JOSE MOISES BLANCO, also known as "Cuervo," and VICTOR LOPEZ-MORALES, also known as "Persa," knowing that one or more offenses against the United States had been committed, to wit: the offenses charged in Counts Fourteen and Fifteen, did knowingly and intentionally receive and assist one or more offenders, in order to hinder and prevent the offenders' apprehension, trial and punishment.

(Title 18, United States Code, Sections 3 and 3551 et seq.)

### COUNT SEVENTEEN
(Conspiracy to Murder Rival Gang Members)

67.    The allegations contained in paragraphs one through five, 39 and 40 are realleged and incorporated as if fully set forth in this paragraph.

68.    In or about September 2016, within the Eastern District of New York and elsewhere, the defendants OSEAS GONZALEZ, also known as "Manota" and "Cordero," and KEVIN TORRES, also known as "Quieto" and "Inquieto," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally

conspire to murder one or more rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT EIGHTEEN
(Murder of Marcus Bohannon)

69. The allegations contained in paragraphs one through five, 39 and 40 are realleged and incorporated as if fully set forth in this paragraph.

70. On or about September 5, 2016, within the Eastern District of New York and elsewhere, the defendants OSEAS GONZALEZ, also known as "Manota" and "Cordero," and KEVIN TORRES, also known as "Quieto" and "Inquieto," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Marcus Bohannon, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT NINETEEN
(Brandishing and Discharge of Firearms During Crimes of Violence: Murder of Marcus Bohannon)

71. The allegations contained in paragraphs one through five, 39 and 40 are realleged and incorporated as if fully set forth in this paragraph.

72. On or about September 5, 2016, within the Eastern District of New York and elsewhere, the defendants OSEAS GONZALEZ, also known as "Manota" and "Cordero," and KEVIN TORRES, also known as "Quieto" and "Inquieto," together with others, did knowingly and intentionally use and carry one or more firearms during and in

22

relation to one or more crimes of violence, to wit: the crimes charged in Counts One and Eighteen, and did knowingly and intentionally possess one or more firearms in furtherance of such crimes of violence, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT TWENTY
(Causing the Death of Marcus Bohannon Through Use of a Firearm)

73.     The allegations contained in paragraphs one through five, 39 and 40 are realleged and incorporated as if fully set forth in this paragraph.

74.     On or about September 5, 2016, within the Eastern District of New York and elsewhere, the defendants OSEAS GONZALEZ, also known as "Manota" and "Cordero," and KEVIN TORRES, also known as "Quieto" and "Inquieto," together with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime charged in Count Nineteen, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing was a murder as defined in Title 18, United States Code, Section 1111(a), in that the defendants, together with others, with malice aforethought, did unlawfully kill Marcus Bohannon willfully, deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

## COUNT TWENTY-ONE
(Conspiracy to Murder Javier Castillo)

75.     The allegations contained in paragraphs one through five, 39 and 40 are realleged and incorporated as if fully set forth in this paragraph.

76.    In or about October 2016, within the Eastern District of New York and elsewhere, the defendant KEVIN TORRES, also known as "Quieto" and "Inquieto," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder Javier Castillo, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

COUNT TWENTY-TWO
(Murder of Javier Castillo)

77.    The allegations contained in paragraphs one through five, 39 and 40 are realleged and incorporated as if fully set forth in this paragraph.

78.    On or about October 10, 2016, within the Eastern District of New York and elsewhere, the defendants KEVIN TORRES, also known as "Quieto" and "Inquieto," and KEVIN CUEVAS DEL CID, also known as "Creeper," "Malcriado," "Sombra," "Vinky" and "Dabura," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Javier Castillo, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

COUNT TWENTY-THREE
(Conspiracy to Murder Carlos Ventura-Zelaya)

79.    The allegations contained in paragraphs one through five, 39 and 40 are realleged and incorporated as if fully set forth in this paragraph.

24

80.     In or about and between September 2016 and October 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants OSEAS GONZALEZ, also known as "Manota" and "Cordero," and VICTOR LOPEZ MORALES, also known as "Persa," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder Carlos Ventura-Zelaya, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

### COUNT TWENTY-FOUR
(Murder of Carlos Ventura-Zelaya)

81.     The allegations contained in paragraphs one through five, 39 and 40 are realleged and incorporated as if fully set forth in this paragraph.

82.     On or about October 14, 2016, within the Eastern District of New York and elsewhere, the defendants OSEAS GONZALEZ, also known as "Manota" and "Cordero," and VICTOR LOPEZ-MORALES, also known as "Persa," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Carlos Ventura-Zelaya, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

### COUNT TWENTY-FIVE
(Brandishing and Discharge of a Firearm During Crimes of Violence:
Carlos Ventura-Zelaya Murder)

83.     The allegations contained in paragraphs one through five, 39 and 40 are realleged and incorporated as if fully set forth in this paragraph.

84.     On or about October 14, 2016, within the Eastern District of New York and elsewhere, the defendants OSEAS GONZALEZ, also known as "Manota" and "Cordero," and VICTOR LOPEZ-MORALES, also known as "Persa," together with others, did knowingly and intentionally use and carry a firearm during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts One and Twenty-Four, and did knowingly and intentionally possess a firearm in furtherance of such crimes of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT TWENTY-SIX
(Causing the Death of Carlos Ventura-Zelaya Through the Use of a Firearm)

85.     The allegations contained in paragraphs one through five, 39 and 40 are realleged and incorporated as if fully set forth in this paragraph.

86.     On or about October 14, 2016, within the Eastern District of New York and elsewhere, the defendants OSEAS GONZALEZ, also known as "Manota" and "Cordero," and VICTOR LOPEZ-MORALES, also known as "Persa," together with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime charged in Count Twenty-Five, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing was a murder as defined in Title 18, United States Code, Section 1111(a), in that the defendants, together with others, with malice aforethought, did unlawfully kill Carlos Ventura-Zelaya willfully, deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

## COUNT TWENTY-SEVEN
(Conspiracy to Distribute Marijuana)

87.     In or about and between January 2016 and the date of this Superseding

Indictment, both dates being approximate and inclusive, within the Eastern District of New

York and elsewhere, the defendants JOSE MOISES BLANCO, also known as "Cuervo,"

OSEAS GONZALEZ, also known as "Manota" and "Cordero," JOSE JONATHAN

GUEVARA-CASTRO, also known as "Suspechoso," VICTOR LOPEZ-MORALES, also

known as "Persa," and DAVID SOSA-GUEVARA, also known as "Risky," together with

others, did knowingly and intentionally conspire to distribute and possess with intent to

distribute a controlled substance, which offense involved a substance containing marijuana, a

Schedule I controlled substance, for remuneration, contrary to Title 21, United States Code,

Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(D); Title 18, United

States Code, Sections 3551 et seq.)

## COUNT TWENTY-EIGHT
(Conspiracy to Distribute Cocaine and Marijuana)

88.     In or about and between January 2016 and October 2017, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants EVER MORALES-LOPEZ, also known as "Kien," "Inke" and "White Boy,"

KEVIN TORRES, also known as "Quieto" and "Inquieto," and KEVIN CUEVAS DEL CID,

also known as "Creeper," "Malcriado," "Sombra," "Vinky" and "Dabura," together with

others, did knowingly and intentionally conspire to distribute and possess with intent to

distribute one or more controlled substances, which offense involved (a) a substance

containing cocaine, a Schedule II controlled substance; and (b) a substance containing

marijuana, a Schedule I controlled substance, for remuneration, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846, 841(b)(1)(C) and 841(b)(1)(D); Title 18, United States Code, Sections 3551 et seq.)

COUNT TWENTY-NINE
(Assault of John Doe #4 with Dangerous Weapons)

89.     The allegations contained in paragraphs one through five, 39 and 40 are realleged and incorporated as if fully set forth in this paragraph.

90.     On or about May 23, 2020, within the Eastern District of New York, the defendant DAVID SOSA-GUEVARA, also known as "Risky," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #4, an individual whose identity is known to the Grand Jury, with one or more dangerous

weapons, to wit: sharpened metal objects ("shanks"), in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

A TRUE BILL

_____
FOREPERSON

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

By: _____
Assistant U.S. Attorney

# UNITED STATES DISTRICT COURT

## EASTERN *District of* NEW YORK

### CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

JOSE MOISES BLANCO, OSEAS GONZALEZ, JOSE JONATHAN
GUEVARA-CASTRO, VICTOR LOPEZ-MORALES, EVER
MORALES-LOPEZ, DAVID SOSA-GUEVARA, KEVIN TORRES
*and* KEVIN CUEVAS DEL CID,

Defendants.

## SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii),
924(j)(1), 1959(a)(1), 1959(a)(3),1959(a)(5), 1962(c), 1962(d), 1963, 2,
3 and 3551 et seq.; T. 21, U.S.C., §§ 846, 841(b)(1)(C) and
841(b)(1)(D))

*A true bill.*

_____  
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____  
*Clerk*

*Bail, $* _____

_____

*AUSAs Paul Scotti, Justina Geraci and Megan Farrell, (631) 715-
7836/7835/7862*